**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

XYZ Corporation

Plaintiff,

v.

SCHEDULE "A"

Defendant.

Civil Action No.: 20-cv- 5338



FILED SXB
12/25/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## Memorandum in support of its motion to dismiss

The defendant found that the amount could not be transferred out when using the Amazon account to withdraw money. According to lawyer's suggestion, the defendant found the notice from Amazon in the past miscellaneous e-mails, saying that the defendant was involved in the injunction. The defendant held that the plaintiff's claim should not be supported. The specific reasons are as follows:

**1. Lack of necessity of electronic delivery**

The plaintiff's argument in page 2 of the amended complaint that " Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation" is unreliable, The defendant never concealed his identity to intentionally infringe others' intellectual property. In addition, The plaintiff served legal documents on the defendant by e-mail on the ground that he could not find the address or contact information of the defendant. These claims lack of factual basis. According to Amazon rules, if a seller wants to operate a store in Amazon, he must register the real company or operator information when applying for the store. These information can be found in Amazon store. The defendant believes that the plaintiff has not used reasonable means of examination. In fact, the plaintiff can enter the defendant's store without any difficulty and find the seller's real identity information, including the corresponding company name or operator name and address.

**2. The service procedure is illegal**

Article 1 of the Hague Convention states at the beginning that this Contracting State shall serve legal documents in accordance with the provisions of this Convention. This is a mandatory provision for all Contracting States, and the United States, as a member of the Contracting States, should also comply with the Convention.
Defendant looked up all the contents of the Hague Convention and did not see which specific clause gave the plaintiff the right of electronic service.
According to Article 5 of the Hague Convention, service of documents shall be carried out in accordance with the domestic provisions of the country to which the document is to be served, or on the premise of not violating the law of the country to which it is sent, it shall be delivered by the method voluntarily accepted by the addressee. This clause is an enabling rule, which authorizes the member states of the Convention to refuse to recognize the mode of service other than that stipulated in the Hague Convention
According to Articles 8 and 9 of the Hague Convention, the plaintiff can serve legal documents directly

or indirectly to the defendant through the consulate. However, the plaintiff did not serve in this way.

According to Article 10 of the Hague Convention, if the destination country does not object, the server can serve the legal document directly to the country to be served by mail, or to the judicial assistants, officials or other competent personnel of the country to be served. This clause is also an enabling rule.

According to the above provisions, we can see that the Hague Convention does not take electronic service as an effective means of service, nor does it prohibit electronic service. Although the defendant may claim that the plaintiff's service can be implemented according to Article 4 (f) (3) of the federal procedural law, namely "by other means not prohibited by international agreement", after all, as mentioned above, the Hague Convention does not prohibit the use of electronic service. However, Article 5 and Article 10 of the Hague Convention authorize Member States to decide whether to prohibit electronic service and other modes of service not specified in the Hague Convention. Further, article 277 of the Civil Procedure Law of the people's Republic of China has clearly stipulated that except for the mode of service stipulated in the Hague Convention, other modes of service shall be approved by the competent authorities of China.

According to Article 277 of China's civil procedure law, "the request for and provision of judicial assistance shall be made through the channels specified in the international treaties concluded or acceded to by the people's Republic of China; if there is no treaty relationship, it shall be made through diplomatic channels... Except for the circumstances mentioned in the preceding paragraph, no foreign organ or individual shall be allowed to seek judicial assistance in China without the permission of the competent authorities of the people's Republic of China Service of documents, investigation and collection of evidence within the territory of the people's Republic of China. " In this case, the plaintiff's electronic service has not been approved by the competent authorities of China, and China has not signed an agreement with the United States, which specifically stipulates that documents can be served by e-mail.

If any American plaintiff can serve legal documents to foreigners by electronic service, then the Hague Convention will not exist. The plaintiff can apply the American law to all defendants who do not live in the United States, and regardless of the legal rules of the country where the defendant is located. This is undoubtedly an act of disrespect for the judicial sovereignty of other countries, which also violates the due process stipulated in 14th Amendment of the united states constitution. In essence, it also violates the authorization rule of Article 5 and Article 10 of the Hague Convention. Therefore, the plaintiff's service should not be regarded as effective.

### 3.Unreasonable means of injunction

On Amazon platform, once the restriction order is implemented, the transfer out function of the defendant's account will be restricted, that is, before the defendant solves the dispute with the plaintiff, all the amounts in the account will be frozen, and the frozen amount is often far more than the losses suffered by the defendant.

If the defendant continues to operate the Amazon store, the frozen amount in the account will continue to increase, which makes the defendant have to suspend the operation of the store before settling the dispute with the plaintiff, which has a serious impact on the subsequent legitimate operation of the plaintiff. The plaintiff can take the advantage of this injunction to unjustly ask the defendant to bear much more compensation than the plaintiff's loss. For example, the defendant's frozen amount is $6000, the defendant's suspected infringement product sales volume was zero, and only temporarily listed related products, while the plaintiff unreasonably asked defendant to bear $5000 of compensation in the negotiation, otherwise the plaintiff will move a default judgment and further enforce all property in the defendant's account.

The plaintiff obtained data from Amazon platform to know the amount of the defendant's account, and based on this, to make a claim for compensation, which did not claim compensation according to the

plaintiff's actual damage. Because the defendant who is in a weak position in the litigation does not understand the laws of the United States, and does not have enough financial resources to pay high attorney fees to respond to the lawsuit, objectively, he cannot also go to the United States to appear in court as a pro se litigant. As a result, the defendant has to agree to the plaintiff's unreasonable demand in order to reach an out of court settlement. The number of defendants who actually appear in court is a drop in the bucket.

Plaintiffs' lawyers have experienced the ease of obtaining benefits quickly in this way, and more and more American lawyers are flocking to attack Chinese sellers. At present, in Illinois, thousands of Chinese sellers are listed as defendants every day, and huge amounts of property are taken away. In each case, the amount of property taken away is as high as millions or even tens of millions of dollars, which happens every day in Illinois. The main reason for this phenomenon is that the standard of restraint order is too low, the restraint means are too strict, and the extent to which the defendant is punished by the restraint order is far greater than the compensation that the defendant should bear.

It even induces more and more intellectual property owners to abuse litigation as the main means of making profits.

### 4. Defects in Jurisdiction

The evidence provided by the plaintiff is insufficient to prove that the state of Illinois has jurisdiction over the case.

The defendant contacted the plaintiff on October 8 for evidence. It was not until October 21 that the plaintiff replied to the defendant and provided the evidence screenshot.

According to the evidence provided by the plaintiff, the screenshot indicates that the shipping address is "1033 SOUTH BLVD OKA PARK,IL United States". However, the defendant searched the sales records of related products, and found no products were sold to Illinois, and the defendant's sales of related products were zero. The defendant believes that plaintiff just filled in the address information in the shipping address column, but did not actually place an order. Defendant firmly believes that before clicking the "plan your order" button, the plaintiff could not verify and prove whether the relevant products could be sold or offered to be sold to Illinois.

### 5. Damage to public interest

The plaintiff's abuse of litigation rights not only seriously damages the interests of most legitimate sellers in China, but also damages the interests of residents living in Illinois. Many Chinese sellers are considering abandoning the Illinois market because they fear that their inadvertent business behavior will lead to lawsuits. As a result, many local residents will not be able to enjoy the benefits of the competition between a variety of commodities.

### 6.Conclusion

The defendant hereby requests the court to dismiss the plaintiff's claim and release the injunction order, so as to safeguard the legitimate rights of the defendant in the proceedings.

DATED:  December 25, 2020                     Respectfully submitted,

                                        _____/s/ ***Guo Fei***_____
                                        *1110, 309 Guang yi Road, Liang xi District,*
                                        *Wuxi City, Jiangsu Province, China*
                                        _____18702603811@163.com_____
                                        _____18810053557_____
                                                   **pro se litigant**

**SCHEDULE "A"**

| Store Name | Seller Origin | Operator |
|---|---|---|
| Yoyoly | A58IDMK0ARQAD | Guo Fei |