IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
2/1/2021          MO
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

XYZ Corporation

Plaintiff,

v.

Yoyoly

Defendant.

Civil Action No.: 20-cv- 5338

## <u>Answer to plaintiff's response</u>

**1.The plaintiff lacks necessary preconditions when applying fed. R.Civ. P.4 (f) (3).**

Fed. R.Civ. P.4 (f) (3) is located in the third paragraph of fed. R.Civ. P.4 (f), which is a comprehensive clause, that is, only when the first two clauses can not be applied can fed. R.Civ. P.4 (f) (3) be applied. If any plaintiff can directly apply the third paragraph across them instead of applying the first two clauses as a prerequisite, then the first two clauses will not exist. This is not in line with the legislative purpose of legislators. Fed. R.Civ. P.4 (f) (3) is a supplementary clause, which is formulated to solve the plaintiff's difficulties in service of documents, and to ensure that the plaintiff can obtain sufficient relief. However, if the U.S. procedural law authorizes the plaintiff to use fed. R.Civ. P.4 (f) (3) arbitrarily without any restrictions, it will damage the procedural rights and interests of the defendant. When the plaintiff did not exhaust the possibility of fed. R.Civ. P.4 (f) (1) and fed. R.Civ. P.4 (f) (2), it was against due process of law.

**2.The address of the defendant is easy to know.**

The plaintiff's argument in the response that " The Hague Convention Does Not Apply Because Defendants' Addresses Were Unknown. " is unreliable, According to Amazon rules, if a seller wants to operate a store in Amazon, he must register the real company or

operator's information when applying for the store. These information can be found in Amazon store. The defendant believes that the plaintiff has not used reasonable means of examination. In fact, the plaintiff can enter the defendant's store without any difficulty and find the seller's real identity information, including the corresponding company name or operator name and address. The defendant company is legally registered in China ( **EXHIBIT 1** )

### 3 Defects in Jurisdiction

According to the evidence provided by the plaintiff, the screenshot indicates that the shipping address is Illinois. However, the defendant searched the sales records of related products, and found no products were sold to Illinois, and the defendant's sales of related products were zero. The defendant firmly believes that plaintiff just filled in the address information in the shipping address column, but did not actually place an order. The plaintiff's way of obtaining evidence by taking screenshots is very absurd. Especially in Illinois, many sellers have given up taking Illinois as one of the sales markets because they are worried that they will be involved in lawsuits due to their inadvertent behavior. Defendant believes that before clicking the "plan your order" button, the plaintiff could not verify and prove whether the involved products could be sold or offered to be sold to Illinois. Further, if someone has clicked the "plan your order", the seller may not actually ship the goods to Illinois, the plaintiff should place an order and actually be able to determine the jurisdiction after receiving the goods.

Besides, Yoyoly is not registered to do business in Illinois. Yoyoly has no regular and established place of business in Illinois. Yoyoly does not maintain any offices, employees, or telephone listings in Illinois. Yoyoly has no manufacturing facility or distribution facility in Illinois. Yoyoly does not pay taxes or maintain any bank accounts in Illinois. Yoyoly does not participate in any business meetings, seminars, trade shows, or other marketing related activities in Illinois.

Yoyoly does not have any employees who visit Illinois for business purposes.

**4. The plaintiff's claim for compensation far exceeds the amount that the defendant may bear.**

For damages, it should be estimated based on the principle of equity（15 U.S.C. §1117(a)).

When calculating the amount of compensation for trademark infringement, we should consider the following factors: the defendant's profit, the plaintiff's loss of income, whether the defendant's behavior is intentional or innocent，whether the defendant cooperate in providing relevant records... （see Polo Ralph Lauren,L.p.v.3M Trading Co.,1999 U.S.Dist.LEXIS 7913(S.D.N.Y.1999)）。

In the Estate of Ellington V. Harbrew Imps. Ltd case, the profits obtained by the infringer and the profits lost by the right holder due to the infringement were all included in the court's consideration.（see 812 F.Supp.2d 161(S.N.D.Y.2011）. In the Sara Lee Corp.v. Bags of New Your, Inc. case, the judge pointed out that "the profits from the infringement and the plaintiff's losses are usually the starting point for the determination of statutory damages" （ see 36 F.Supp.2d 161(S.N.D.Y.,Jan 28,1999 ）(NO.97 CIV.0085CBM). In our case, the defendant searched all relevant product sales records and found that the sales volume was 0, that is, the defendant's profit was zero.

On the subjective side, the defendant did not intentionally infringe, and stopped offering the product for sale immediately when the defendant knew that the product might infringe

In the RSO Records, Inc.v. Peri case, the court stated that "there is no doubt that the estimated statutory compensation should have some relationship with the actual loss"（see RSO Records,Inc.v.Peri, 596 F.Supp.849,225 U.S.P.Q.407(S.N.D.Y.1984 ）). In our case, if the

plaintiff asked the defendant to bear such a huge amount of compensation, the plaintiff should provide further evidence to prove his loss, but the plaintiff did not provide evidence. Correspondingly, the defendant's evidence can prove that all the amounts in the defendant's account have nothing to do with rubik trademark, so plaintiff should not require to enforce the freezing amount in the defendant's account（see WMS Gaming, Inc. v. WPC Prods. Ltd., 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("The burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks."）

High losses and profits from infringement can be used as reasons for high statutory compensation. Conversely, if there is no evidence of actual damage, substantial gains of the infringer, and malicious intent, the court will usually award the minimum amount of statutory compensation （see Mark A. Glick, Lara A. Reymann, Richard Hoffman, Intellectual Property Damages Guidelines and Analysis. Published by John Wiley＆ Sons, Inc., Hoboken, New Jersey, at 325.）. In our case, the plaintiff did not provide us with evidence to prove its loss, so the high amount of compensation demanded by the plaintiff could not be supported.

## 5.Conclusion

The defendant hereby respectfully request the court to dismiss plaintiff's complaint, Alternatively, if the court consider it unnecessary to dismiss plaintiff's complaint, the defendant hereby respectfully request the court to withdraw the injunction order and/or enter an judgement

DATED: February 1, 2021                         Respectfully submitted,

_____*/s/Guo Fei*_____

_18702603811@163.com_

**pro se litigant**

# Exhibit 1

Although the Amazon store is virtual, the operator operating the store is the entity enterprise. The plaintiff can find the real entity without any difficulty and take it as the defendant. The address of the company actually exists in China, the plaintiff should serve legal documents to the defendant at this real address. Here's how to easily find the company's subject information(**for example**):

### Step 1. Enter the store name in the search bar of Amazon home page and click search



Step2. Select the color and size, and click the store name in the right border to enter the seller's store information page.



**Step3. You can see the red box contains the company name and address information**

