IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUBIK'S BRAND, LTD., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 20-cv-5338 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) Judge John J. Tharp, Jr. ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

"Once only seen in flea markets and sidewalk stalls, counterfeit products are now prevalent in the virtual world."[1] With the rise of online counterfeit products, cases aiming to stem their tide have become prevalent in this district. Seeking to abate online sales of counterfeit Rubik's products, Plaintiff Rubik's Brand, Ltd. ("Rubik's") sued 676 online sellers for trademark infringement under the Lanham Act and the Illinois Deceptive Trade Practices Act. Following this Court's issuance of a preliminary injunction, one of the defendants, known by the seller alias "Yoyoly," has moved to dismiss this claim for lack of personal jurisdiction, improper service of process, damage to the public interest, and improper restraint on account. Finding the issue of personal jurisdiction dispositive, Yoyoly's motion to dismiss is granted.

---

[1] *About Online Counterfeiting*, INT'L ANTI-COUNTERFEITING COALITION (last visited Feb. 25, 2021), www.iacc.org/online-initiatives/about.

## BACKGROUND[2]

Online counterfeiting cases in this district typically follow the same life cycle: plaintiffs file an *ex parte* temporary restraining order, seeking expedited discovery on the defendants' identities as well as a freeze on their online marketplace platforms and corresponding funds. After the court grants the temporary restraining order and, usually, an extension for another 14-day period, plaintiffs move for a preliminary injunction, and finally, a default judgment. Along the way, some original defendants are voluntarily dismissed (presumably on the basis of settlements), new defendants may be added, and a default judgment is ultimately entered as to defendants who have not been dismissed from the case. Because the vast majority, if not all, of the defendants are located abroad, the initial proceedings are *ex parte*, and service by electronic means is usually permitted, it is rare for defendants to appear and contest the claims asserted in these cases.

This is one of those rare cases. Rubik's filed this case on September 10, 2020, alleging that hundreds of defendants, Yoyoly among them, were selling unauthorized, counterfeit Rubik's products on their online marketplace platforms. ECF No. 1. This Court granted Rubik's initial motion for leave to file the initial pleadings and related documents under seal, which was requested to prevent Defendants from prematurely destroying relevant evidence and transferring assets prior to the entry of the temporary restraining order. ECF No. 9. On September 21, 2020, this Court granted Rubik's *ex parte* motion for a temporary restraining order, allowing for expedited discovery, disabling the marketplace accounts, and freezing funds connected to those accounts. ECF No. 17. The Court concurrently granted Rubik's motion for electronic service of process. *Id.* After extending the temporary restraining order, the Court unsealed the pleadings and granted

---

[2] For the purposes of this motion, the court accepts all of the plaintiffs' factual allegations as true and draws all reasonable inferences in their favor.

Rubik's motion for a preliminary injunction. ECF No. 31.³ Yoyoly now moves to dismiss the claim against it in its entirety.

## DISCUSSION

Yoyoly argues that this Court cannot exercise personal jurisdiction over it and that it should accordingly be dismissed from this action. Plaintiffs are not required to set out facts alleging personal jurisdiction in the complaint. *Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). If a defendant moves to dismiss on personal jurisdiction grounds, however, the burden shifts to the plaintiff to demonstrate that personal jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the court relies on written materials in its determination, without an evidentiary hearing, the plaintiff is only required to make a *prima facie* showing of personal jurisdiction. *Id.* at 782.

"In a federal question case such as this one, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Because the Lanham Act does not allow for nationwide service of process, the Court looks to Illinois's long-arm statute to determine the reach of personal jurisdiction. Under the Illinois long-arm statute, personal jurisdiction is coextensive with the Illinois Constitution and the Federal Constitution. *Id.* The Seventh Circuit recognizes no meaningful difference between the two, and therefore this Court may exercise personal jurisdiction as long as doing so does not violate federal due process. *Id.* Specifically, the Court must find that it has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

---

³ Shortly thereafter, the case was reassigned to this Court. ECF No. 40.

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

A plaintiff may choose to establish either general or specific personal jurisdiction over a defendant. General jurisdiction exists only where a defendant is "at home," and Rubik's rightly does not attempt to argue for its application here. By contrast, specific jurisdiction exists where (1) "the defendant . . . purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state"; (2) the plaintiff's injury stemmed from the "defendant's forum-related activities"; and (3) the exercise of personal jurisdiction "comport[s] with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 674 (7th Cir. 2012). Notably, the Seventh Circuit has declined to formulate a special jurisdictional test for internet-based cases, like this one. *See Curry v. Rev. Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020).

Here, Yoyoly argues that this Court does not have personal jurisdiction over it because it is a China-based online store and has never sold any products to Illinois residents. Rubik's counters that personal jurisdiction over Yoyoly is proper because Yoyoly was "ready, willing, and able" to ship its products to Illinois, as proven by screenshots of its Amazon order page. The screenshots depict an order—at the stage just before it is entered—to buy Yoyoly's Smart Rubik's Cube. It shows a shipping address in Illinois and reflects that the only remaining step to enter the order is clicking the "Place Your Order" link. Yoyoly disputes the evidentiary value of the screenshot, asserting that it "firmly believes that before clicking the 'plan [sic] your order' button, the plaintiff could not verify and prove whether the relevant products could be sold or offered to be sold to Illinois." Mot. to Dismiss at 3, ECF No. 50. According to Yoyoly, in other words, the screenshot doesn't prove that the order would have been accepted and actually fulfilled.

This is an evidentiary dispute, but not one that requires a hearing to address. Even accepting Rubik's premise that the screenshot shows that an order *could* be placed by an Illinoisan, displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois. That alone cannot confer personal jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."). In *Advanced Tactical*, the Seventh Circuit rejected the proposition that an interactive website available to Indiana customers, even accompanied by two email blasts to a list including Indiana residents and several fulfilled product orders to Indiana residents, sufficed for personal jurisdiction. *Id.* at 801. Even though the defendant's conduct reached a substantial number of Indiana residents, the court still found that its website and email blasts were impermissible bases for jurisdiction because neither evinced that the defendant had purposefully targeted or exploited the Indiana market in some way, as is required to establish minimum contacts. *Id.* at 802-03. Rubik's brief does not cite, much less address, *Advanced Tactical.*

Rubik's relies instead on *Illinois v. Hemi Group*, 622 F.3d 754, 758 (7th Cir. 2010), in fashioning its personal jurisdiction argument, specifically for its language that the defendant seller "stood ready and willing to do business with Illinois residents" through its interactive website. But *Hemi* does not stand for the proposition that maintaining an interactive website on which a forum resident can place an order is sufficient, standing alone, to establish personal jurisdiction over the seller. The *Hemi* court made that point explicitly: "[W]e affirm the district court's conclusion that Hemi is subject to personal jurisdiction in Illinois, not merely because it operated several 'interactive' websites" but because it had sufficient minimum contacts with the state. *Id.*

5

at 760. The court found that Hemi's sales of 300 packs of cigarettes (a heavily regulated product) to an Illinois resident, combined with its exclusion of New York state from its customer pool (evincing that it made an affirmative choice to sell to other states), justified the exercise of personal jurisdiction in an Illinois court.

*Hemi* is just one in a line of Seventh Circuit cases confirming that the maintenance of an interactive website, without more, is insufficient to vest a court with personal jurisdiction. *See Curry*, 949 F.3d at 400 ("Significant caution is certainly appropriate when assessing a defendant's online contacts with a forum to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state."); *Advanced Tactical*, 751 F.3d at 802 (declining to exercise personal jurisdiction because defendant seller had not targeted Indiana "beyond simply operating an interactive website accessible in the forum state and sending emails" to potential residents); *be2 LLC v. Ivanov*, 642 F.3d 555, 558–59 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market."); *Mobile Anesthesiologists*, 623 F.3d at 446 (a plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website").

To be sure, evidence of extensive sales through an interactive website may suffice to show that a defendant has targeted the jurisdiction at issue, as in *Curry*, where the defendant conceded that it had made sales to 767 customers through multiple interactive websites (its own- and third-party sites). 949 F.3d at 399. But a "miniscule" number of transactions won't do. In *be2 LLC*, the Seventh Circuit found evidence that 20 Illinois residents had opened accounts on the defendant's interactive website to be inadequate given the miniscule number of customers and the absence of

6

evidence of further interaction with them. 642 F.3d at 559. And, particularly apropos here, in *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019), the Seventh Circuit held that personal jurisdiction was lacking where a sale had been made, but it was "a single incident conjured up by the plaintiffs' attorney for the exclusive purpose of establishing jurisdiction over the defendants."

Here, we don't have even that much. Yoyoly has averred that it has made no sales to Illinois residents[4] and the plaintiff has provided no evidence to rebut that claim. The single episode on which Rubik's supports its personal jurisdiction claim documents not a sale but—at most—the possibility that a sale could be made in Illinois, based on a screenshot taken by the plaintiff not for a commercial purpose but "for the exclusive purpose of establishing jurisdiction over the defendants." So far as the information presented to the Court establishes, no Illinois resident has ever purchased any product (much less a Rubik's knock-off) from the Yoyoly website. Indeed, so far as the record shows, no Illinoisan has ever even *viewed* the Yoyoly website with an eye to purchasing a product offered there. That an Illinoisan might someday find Yoyoly's website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over Yoyoly.

Rubik's argues, however, that displaying an infringing product for sale is a tort and a single tortious act in Illinois empowers this Court to exercise personal jurisdiction over a defendant. But the Seventh Circuit appears to have rejected the proposition that "any plaintiff may hale any defendant into court . . . where the defendant has no contacts, merely by asserting that the defendant has committed an intentional tort against the plaintiff." *Mobile Anesthesiologists*, 623

---

[4] Reply at 2, ECF No. 63 ("[T]he defendant searched the sales records of related products, and found no products were sold to Illinois, and the defendant's sales of related products were zero.")

F.3d at 445. Rather, "a defendant's intentional tort creates the requisite minimum contacts with a state only when the defendant expressly aims its actions at the state with the knowledge that they would cause harm to the plaintiff there." *Id*. As discussed, Rubik's has not made that showing here. And in any event, the cases that Rubik's cites for this proposition all involve some conduct beyond the mere display of an infringing product for sale on a website accessible in Illinois. *See Monster Energy v. Wensheng*, 136 F. Supp. 3d 987, 906 (N.D. Ill. 2015) (personal jurisdiction was proper because, though a counterfeit product was never sold to Illinois, at least three Illinois residents attempted to purchase them and one Illinois resident communicated with defendant regarding payment); *Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, No. 10-CV-4535, 2010 WL 4877708, at *1, 7 (N.D. Ill. Nov. 23, 2010) (finding personal jurisdiction where defendant sold infringing dental products through its website to Illinois consumers, deriving 1.2% of its gross revenue from Illinois); *Store Décor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd.*, 767 F. Supp. 181, 183-84 (N.D. Ill. 1991) (personal jurisdiction was appropriate where defendant sold $400 worth of infringing products in Illinois).

It is true that other district courts have come out differently on this question, in large part because their guiding case law does not require more than the maintenance of an interactive website to establish personal jurisdiction. *See WowWee Group Ltd. v. Meirly*, No. 18-CV-706 (AJN), 2019 WL 1375470, at *4 (S.D.N.Y. Mar. 27, 2019) (finding personal jurisdiction over defendant online merchants because "the case law has stopped short of requiring additional conduct beyond maintaining an interactive website that offers products to consumers"); *Plixer Int'l, Inc. v. Scrutinizer GmbH*, 293 F. Supp. 3d 232, 238 (D. Me. 2017), *aff'd*, 905 F.3d 1, 4 (1st Cir. 2018) (personal jurisdiction existed over a German online service provider for operating an interactive website where the First Circuit had not decided a case on the issue). That is not the

8

situation in the Seventh Circuit, where the case law has been clear that more than an interactive website is needed.

At bottom, Rubik's argument boils down to a contention that because Yoyoly maintains a website that an Illinoisan can access to purchase counterfeit Rubik's products, it has sufficient contacts with Illinois to satisfy due process. But the Seventh Circuit has not extended specific personal jurisdiction quite that far; maintenance of an interactive website, unaccompanied by evidence of any sales or other activity targeting Illinois, does not establish that Yoyoly has sufficient minimum contacts with Illinois to support the exercise of personal jurisdiction.

\* \* \*

Accordingly, Yoyoly's motion to dismiss is granted with prejudice and Yoyoly is dismissed from this case.

Date: March 4, 2021

John J. Tharp, Jr.
United States District Judge