**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RUBIK'S BRAND, LTD.,

               Plaintiff,

    v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

               Defendants.

Case No. 20-cv-05338

**Judge John J. Tharp, Jr.**

**Magistrate Judge Jeffrey I. Cummings**

**MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION,
OR IN THE ALTERNATIVE CLARIFICATION OF COURT'S ORDER
_INSTANTER_ AS _AMICI CURIAE_**

Levi Strauss & Co., H-D U.S.A., LLC, Entertainment One UK Ltd., Chrome Hearts LLC, and Deckers Outdoor Corporation ("Amici") respectfully request leave to file a motion for reconsideration or, in the alternative, clarification of this Court's Opinion and Order ("Order") entered on March 4, 2021 [73] as _amici curiae_.

Amici have concurrently filed a motion for reconsideration or, in the alternative, clarification of the Court's Order pursuant to Fed. R. Civ. P. 59(e). Fed. R. Civ. P. 59(e) does not limit its application to parties and appears to allow non-parties to move for alteration or amendment of judgments. Fed. R. Civ. P. 59(e); _see also, Medical Billing, Inc. v. Medical Mgmt. Sciences, Inc._, 169 F.R.D. 325, 327 (N.D. Ohio 1996).

However, if this Court determines that Fed. R. Civ. P. 59(e) does not permit Amici to move for reconsideration, Amici respectfully request that the Court grant them leave to file the Motion _instanter_. "An _amicus_ brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that

may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997). It is within the Court's discretion to determine "the fact, extent, and manner" of participation by the *amicus*. *United States v. Microsoft Corp*., 2002 U.S. Dist. LEXIS 26551, at *2 (D.D.C. Feb. 28, 2002).

Amici have an interest in this case because the Order, if not reconsidered or clarified, could undermine enforcement of injunctions entered by this Court against offshore e-commerce store operators on Amazon in at least the following cases:

- *Levi Strauss & Co. v. A thankful &He art Store, et al*., No. 20-cv-02438 (N.D. Ill. July 8, 2020);

- *H-D U.S.A., LLC v. SHWEMOH, et al*., No. 21-cv-00496 (N.D. Ill. Jan. 28, 2021);

- *Entertainment One UK Ltd. v. Yami-Won, et al*., No. 20-cv-04859 (N.D. Ill. Nov. 20, 2020);

- *Chrome Hearts LLC v. chromehearts.online, et al*., No. 20-cv-03027 (N.D. Ill. Aug. 10, 2020);

- *Deckers Outdoor Corporation v. uggsoutletofficials.us.com, et al*., No. 20-cv-00526 (N.D. Ill. June 8, 2020).

Additionally, with respect to the assistance Amici can provide the Court, it is clear that the factual and legal record provided by the parties was deficient and did not provide the Court with what was needed for the Court to conduct a meaningful review of whether personal jurisdiction was proper.

Reconsideration or clarification of this Court's Order is appropriate for at least the following reasons.

1.     The legal record provided by Plaintiff Rubik's Cube Ltd. ("Plaintiff") and Defendant Yoyoly ("Defendant") was materially deficient because it failed to address multiple relevant Seventh Circuit cases regarding personal jurisdiction over "interactive website" operators. In this case, a specific jurisdiction analysis under Seventh Circuit jurisprudence requires the court to evaluate: (1) defendant's actions targeting the jurisdiction leading up to any offer for sale (*i.e.* "defendant reaching out"); and (2) whether the product offered for sale is related to the litigation. In *Hemi Group* and *Curry*, the Seventh Circuit found specific jurisdiction proper where the defendant operated an e-commerce store that offered for sale a product into the district and the product related to the litigation.[1]   Conversely, the Seventh Circuit found specific jurisdiction lacking in *be2* and *Mobile Anesthesiologists* where neither defendant offered for sale any product into the district[2] and in *Advanced Tactical* and *Matlin* where the product offered for sale was unrelated to the litigation.[3]   In this case, the only purpose for Defendant's e-commerce store on the U.S. facing Amazon.com portal was to sell products to United States consumers, including an allegedly infringing product that is the basis for the lawsuit.[4]   An Amazon.com e-commerce store is not merely an "interactive website" like a dating portal (*be2*) or informational website (*Mobile*

---

[1] *Illinois v. Hemi Grp. LLC*, 622 F.3d 754 (7th Cir. 2009); *Curry v. Revolution Labs., LLC,* 949 F.3d 385 (7th Cir. 2020)

[2] *be2 LLC v. Ivanov*, 642 F.3d 555 (7th Cir. 2011); *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440 (7th Cir. 2010).

[3] *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014); *Matlin v. Spin Master Corp.*, 921 F.3d 701 (7th Cir. 2019),

[4] *See Tommy Hilfiger Licensing LLC et. al. v. The P'ships, et al.*, No. 20-cv-7477 (N.D. Ill March 24, 2021) (Dkt. No. 46) (unpublished) (citing *Curry* and finding that "Hilfiger has offered evidence tending to show that [defendant], though not physically located in Illinois or even in the United States, operated an interactive website through which it purposefully offered products for sale to consumers, including consumers located in Illinois, who would then select an address where the products should be shipped, including Illinois as one of the options. This is enough to amount to [defendant] having purposefully availed itself of doing business in Illinois.").

*Anesthesiologists*) (see Point 2 below). Moreover, the sales (or lack thereof) that follow from a defendant setting up an e-commerce store offering for sale a product into the jurisdiction (*i.e.* "Illinois residents reaching back") are not dispositive or even material to the analysis under Seventh Circuit law. The sales to Illinois residents in *Curry* and *Hemi* merely provided further confirmation regarding the defendants' already established intention to conduct business in the district.

2.      The factual record provided by the parties was materially deficient, thus preventing this Court from analyzing personal jurisdiction over an Amazon.com e-commerce store under Seventh Circuit jurisprudence. Specifically, the record is missing facts regarding several of the Defendant's own actions inherent with opening an Amazon.com e-commerce store. These actions establish Defendant's purposeful targeting of the United States, including Illinois, and go well beyond "maintaining a website." Such facts would show that Defendant was required to select the United States, including Illinois, from a list of regions in which the Amazon.com e-commerce store is electing to do business. Defendant also set up a storefront through which U.S. customers, including Illinois customers, could purchase allegedly infringing products in U.S. dollars and maintained logistics for shipping those products to Illinois. Additionally, Defendant was required to review and agree to the Amazon Services Business Solutions Agreement that included agreeing that they will ensure "your offer and subsequent sale of [Your Products] on any Amazon site comply with all applicable Laws." Finally, by offering a product for sale on Amazon.com to Illinois, the e-commerce store operator contractually agreed to accept orders from Illinois residents and fulfill orders as soon as the "place your order" button was clicked since money is instantly exchanged. Any suggestion that Defendant could affirmatively set up an Amazon.com e-commerce store targeting the United States and Illinois, offer for sale an allegedly infringing

4

product on that store, accept money and then unilaterally decide whether to accept and fulfill an order based on the buyer is both factually inaccurate and in violation of basic contract law and Defendant's agreement with Amazon.

3.      The only function of an Amazon.com e-commerce store is to sell products to consumers in the United States, including Illinois.  If it was determined that personal jurisdiction did not exist in Illinois, then there must be personal jurisdiction over the Amazon.com e-commerce store under Fed. R. Civ. P. 4(k)(2) since the store targeted the United States.  The Order does not address personal jurisdiction under Fed. R. Civ. P. 4(k)(2) even though it was argued in the Motion. Owners of United States trademarks must have access to federal courts in the United States to enforce their United States trademark rights and protect consumers in the United States. Defendants cannot insulate themselves from harm that they cause in the United States, including Illinois, by simply locating themselves within the borders of China or any other country and explicitly offering to sell and ship products to the United States, including Illinois.

Amici's motion for reconsideration or, in the alternative, clarification provides this additional information to the Court.

Dated this 24th day of March 2021.      Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Amici Levi Strauss & Co., H-D U.S.A., LLC, Entertainment One UK Ltd., Chrome Hearts LLC, and Deckers Outdoor Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of March 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Amici Levi Strauss & Co., H-D U.S.A., LLC, Entertainment One UK Ltd., Chrome Hearts LLC, and Deckers Outdoor Corporation*